## Ivalee Todd, Plaintiff in Error, v. Prudential Insurance Company, Defendant in Error.

### (Not to be reported in full.)

Error to the Circuit Court of Morgan county; the Hon. FRANK W. BURTON, Judge, presiding. Heard in this court at the April term, 1916. Reversed and remanded. Opinion filed June 10, 1916.

### Statement of the Case.

Action by Ivalee Todd, plaintiff, against the Prudential Insurance Company, defendant, on a policy of insurance. To review a judgment for defendant, plaintiff prosecutes a writ of error.

An agent of the defendant, after having taken the application of the deceased for the policy, told her that it would be in full force and effect as soon as he received it from the company and that he would pay the premium later, and while the insured was in good health the agent told her that the policy had been received O. K. Before the policy had been actually received by the insured she suffered an attack of appendicitis and died from the effects of an operation after her father had received the policy. The defendant in its answer averred that the policy was not delivered nor the first premium paid during the lifetime and good health of the insured as the policy required.

H. P. SAMUELL and P. P. THOMPSON, for plaintiff in error.

BELLATTI, BELLATTI & MORIARTY, for defendant in error.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

## Abstract of the Decision.

1. INSURANCE, § 328*—*when conditions of policy waived by agent.* Where an agent of a life insurance company told the insured that the policy would be in full force and effect from the time he received it from the company, although the first premium was not paid as required by its terms, and that he would pay the premium and hold the policy for her, *held* that a recovery could be had thereon, the agent having received it while the health of the insured was the same as when her application was taken.

2. INSURANCE, § 684*—*when verdict for defendant erroneously directed.* Evidence in an action on a life insurance policy that the policy was received by the agent of the insurance company for the insured while the latter was in good health and that the agent had agreed that the policy should be in full force and effect from such receipt, *held* sufficient to go to the jury and that a peremptory instruction for the defendant was erroneous.

3. INSURANCE, § 323*—*when agent power to waive conditions in policy.* A general agent clothed with power to solicit insurance, receive the application, forward it to the company, receive and deliver the policy and collect the premium, has power to waive a condition in the policy notwithstanding that power is negatived by a provision in the policy.